Case 2:13-cv-01021 Document 1 Filed 07/16/13 Page 1 of 15

#4 NO Fee/NO IFP

"STANDARD FORM"

15BG/MR

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RECEIVED
JUL 16 2013
CLERK, U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

Name and address of Plaintiff:
Brandon P Link
8823 Kestral Ridge DR.
Charlotte NC 28269

v.

13-1021

Full name, title, and business address
of each defendant in this action:
1. See ATTAched W/complaint

2. _____

Use additional sheets, if necessary
Number each defendant.

Plaintiff brings this action against the above named and identified defendants on the following cause of action:

I. Where are you now confined? WestMoreland County Prison, PA.

What sentence are you serving? Pretrial Detainee

What court imposed the sentence? WestMoreland County

II. Previous Lawsuits

A. Describe any and all lawsuits in which you are a plaintiff which deal with the same facts involved in this action. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

1. Parties to this previous lawsuit

Plaintiffs N/A

Defendants _____

2. Court (if federal court, name the district; if state court, name the county) and docket number

Case 2:13-cv-01021-CB-MPK Document 1 Filed 07/16/13 Page 2 of 15

3. Name of judge to whom case was assigned ____________

4. Disposition (For example: Was the case dismissed? Was it appealed? Is it still pending?)

5. Approximate date of filing lawsuit ____________

6. Approximate date of disposition ____________

B. Prior disciplinary proceedings which deal with the same facts involved in this action:

Where? ____________
When? ____________
Result: ____________

III. What federal law do you claim was violated? Violation of Constitutional Rights Amend. 14th, 8th, 4th - Due Process - Jurisdiction

IV. Statement of Claim

(State here as briefly as possible the facts of your case. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach extra sheet if necessary.)

A. Date of event: 1/7/13

B. Place of event: South Carolina

C. Persons involved--name each person and tell what that person did to you: (See attached complaint) for defendants.

Plantiff, Brandon P Link of Charlotte, NC was brought to Westmoreland County illegally and kidnapped under the color of law and charged with crimes that never took place within the State of Pennsylvania. Plantiff, Brandon P Link has never been to the State of Pennsylvania in his life. Plantiff is currently incarcerated for over 7 months with no jurisdiction to hold him.

This is a violation of Fair-Play and Substantial

1. Westmoreland County
2. Penn. State Police
3. Liberty Trans / Landmark Leasing.
4. Westmoreland County District attorney office

\+ more

(See complaint)

Justice. Pennsylvania has no Subject Matter Jurisdiction or Personal Jurisdiction to incarcerate plantiff. Plantiff has never been to Pennsylvania.

V. Did the incident of which you complain occur in an institution or place of custody in this District? If so, where? An incident DID occur in Prison where I was beaten by guards (on camera) which is incorporated in complaint. See complaint. & amongst other complaints. This is one of many.
and answer the following questions:

A. Is there a prisoner grievance procedure in this institution?
Yes (X) No ( )

B. Did you present the facts relating to your complaint in the state prisoner grievance procedure?
Yes (X) No ( )

C. If your answer is YES,

1. What steps did you take? Told story at inmate grievance hearing.

2. What was the result? I was found innocent of charges Alleged of Assault. But I was assaulted violently by guards. It was proven I was innocent. But I was still attacked for no reason and this must be addressed.

D. If your answer is NO, explain why not: ______________________

E. If there is no prison grievance procedure in the institution, did you complain to prison authorities?
Yes ( ) No ( )

F. If your answer is YES,

1. What steps did you take? ______________________

2. What was the result? ______________________

VI. Relief

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statues.

I am looking for monetary relief as stated in the complaint. I also want to see an investigation into Westmoreland County District Attorneys office based on Corruption and False imprisonments.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Case 2:13-cv-01021-MPK Document 1 Filed 07/16/13 Page 4 of 15

X 7/12/13
(Date)

(Signature of Plaintiff)

United States District Court Of Pennsylvania
Western District

Brandon P. Link, Pro Se
Plaintiff

Vs.

Pennsylvania State Police (P.S.P.)
Westmoreland County
Liberty Transportation/Landmark Leasing
Todd A. Adamski, Trooper
Kevin Abramovitz, Esq./R.H.F.A. Law (Rosselli, Horowitz, Fryncko & Abramovitz Law Firm)
Marc Palla, V.P. Liberty Transportation/Landmark Leasing
Det. J. Williams, W.C.I.
D.A. Leo J. Ciaramitaro
Mag. Judge Jason Buczak
Jim Lazar, Westmoreland County D.A.
Defendants

13-1021
No.
demand a jury trial
complaint civil action

## I. Jurisdiction & Venue

1.) This is a civil action authorized by 42 U.S.C. sec 1983 to redress the deprivation, under color of state law, civil rights and due process secured by the constitution of the United States.

2.) Western PA, United States District Court is an appropriate venue under 28 U.S.C. 1391 9(b)(2) because it is where the events giving rise to this claim occurred.

## II. Plaintiff

3.) Plaintiff Brandon P. Link is and was at all times mentioned here in a prisoner at time of claims in Westmoreland County Prison in the United States of America,

State of Pennsylvania without proper jurisdiction from 2/7/13 to 7/30/13 and still counting at time of filing.

Corpus Juris Secumdum, "criminal law" § 150, p.183., § 324, p. 390, Garcia v. Dial, 596 S.W. 2d 524, 528 (tex. cr.app. 1980)

III. Defendants

4.) Defendant; Marc Palla, Vice President of Liberty Transportation/Landmark Leasing at all times mentioned in this complaint is the Vice President of Liberty Transportation/Landmark Leasing. Mr. Palla's actions are the direct result and cause for the false arrest and illegal incarceration of the plaintiff as Marc Palla knowingly, purposefully, and intentionally conspired with Trooper Todd Adamski to commit fraud by misrepresenting with falsehood that the plaintiff leased the vehicle from New Alexandria, Pennsylvania, the office of Landmark Leasing which is untrue. Mr. Palla violated the contractual terms and conspired to the kidnapping of plaintiff under color of law. Mr. Palla filed false information and a false police report in an attempt to deprive the plaintiff of his constitutional rights and freedom. The plaintiff was then arrested and held in the state of Pennsylvania illegally. (169 f2d 203,k cause). Indemnify $2 million dollars as Mr. Palla is being sued personally and professionally.

5.) Liberty Transportation/Landmark Leasing located in Westmoreland County at all times mentioned in this complaint is responsible for the actions of its employee's under Pennsylvania law. Liberty Transportation/Landmark Leasing is responsible for the illegal incarceration and arrest of the plaintiff, therefore committing fraud, by stating that the plaintiff stole a vehicle and leased it from Alexandria, Pennsylvania, which is untrue. Liberty Transportation/Landmark

Leasing violated their contractual terms and conspired to the kidnapping of plaintiff under color of law. Marc Palla caused the chain of events by committing fraud on the court 1810, filing false police reports. This is a misrecital (16c) which makes both the employee and the employer liable. Indemnify $10 million dollars.

6.) Defendant; Kevin Abramovitz; esq./R.H.F.A. Law, at all times mentioned in this complaint, is liable for continuation of this incarceration by refusing to file a motion to dismiss at the request of the Plaintiff, at the hearing with magistrate; Judge Jason Buzak. Kevin Abramovitz; esq. was aware of the lack of subject matter jurisdiction with the state of Pennsylvania. Counsel continued to attempt to persuade the plaintiff advising him to accept a plea deal working with a fellow colleague and the District Attorney, rather than for his client the plaintiff. This violates the client attorney relationship which makes Kevin Abramovitz; esq. liable for indemnity for money given to counsel and $1 million dollars.

7.) Defendant; Pennsylvania State Police at all times mentioned in this complaint is liable for causation and damages by Trooper Todd A. Adamski filing a false affidavit, false arrest, tampering with the investigation of a stolen truck in North Carolina, and by stopping the investigation of the North Carolina police department in searching for the stolen truck. Indemnify for employee's actions in the amount of $10 million dollars.

8.) Defendant; Todd A. Adamski; Trooper of Pennsylvania at all times mentioned in this complaint is liable for causation for filing flawed affidavits with false information and for filing the affidavit in Pennsylvania when Officer Adamaski was aware that Pennsylvania had no jurisdiction. Also Trooper Adamaski stopped North Carolina troopers from investigating the already stolen truck which had been reported by the plaintiff. As a result, this was an abuse of process and malicious

prosecution, 475 F. Supp. 2d862 (2002), 547f. 3d 922 (8th cir. 2008). Trooper Adamski is being sued personally and professionally for false arrest, false imprisonment, violation of the plaintiff's civil and constitutional rights, and kidnapping under the color of the law. Trooper Adamski is also being sued for committing a hate crime. Indemnify; $5 million dollars.

9.) Defendant; D.A. Leo J. Ciaramitaro, of Westmoreland County District Attorney's Office at all times mentioned in this complaint is liable for causation and damages owed to plaintiff, Pennsylvania had no jurisdiction to have a preliminary hearing or any proceeding, yet DA Ciaramitaro continued with a malicious prosecution. D.A. Ciaramitaro is liable for unlawful detainment of plaintiff under civil rights 46; malicious prosecution 1-42 U.S.C.S. 1983, Damages 80, false/malicious prosecution, unreasonable seizure, abuse of process, false imprisonment one elements. 547 F.3rd 922 (8th cir.2008). D.A. Ciaramitaro is being sued personally and professionally. Indemnify $2 million dollars. (10.26 Limitation of Liability to Negligence Claims.)

10.) Defendant; Jim Lazar, Westmoreland County District Attorney at all times mentioned in this complaint is being sued for malicious prosecution, deprivation of liberty, fraud on the court (1810), violations of the 14th, 4th, and 8th Amendments, and with conspiracy to continue a wrongful incarceration and an unreasonable seizure. Jim Lazar continued with an illegal prosecution with malicious intent to injure the plaintiff and deprive the plaintiff of his freedom. Jim Larza was aware that the charges were invalid and that the Commonwealth of Pennsylvania did not have jurisdiction to extradite and incarcerate the plaintiff in a foreign state where the plaintiff had no relations. When Jim Larza was made aware of the illegal incarceration, Mr. Larza did not attempt to rectify the injustice, but instead

continued with a malicious prosecution in an attempt to deprive the plaintiff of his freedom and Due Process Rights as provided under the 14th Amendment. Mr. Larza is being sued personally and professionally. Indemnify $5 million dollars.

11.) Defendant; Detective J. Williams, Westmoreland County Investigator, at all times mentioned in this complaint caused Westmoreland County Correctional Officers to attack and beat the plaintiff on camera while plaintiff was handcuffed and shackled after the plaintiff requested that his attorney be present and after plaintiff tried invoking his right to remain silent. This hate crime of attack violates the 8th amendment, the civil rights act, false declaration to Westmoreland County Prison, torture, and the unconstitutional treatment of an inmate. Detective J. Williams is liable for causation and damages caused by the attack of over ten Westmoreland county correctional officers. Westmoreland County, at all times mentioned in this complaint is liable for its employee's action that cause harm to the plaintiff. Municipal liability for misconduct of police, District Attorneys and Judges. City of Philadelphia vs. Gary, 534 P.A. 467, 633 A.2d 1090 (1993), Johnson vs. City of Philadelphia; 657 A 2d 87 (1995) as well as any violation of due process by Westmoreland County employees. Indemnify $2 million dollars.

12.) Defendant; Magistrate Judge; Jason Buczak, of Westmoreland County Courts, at all times mentioned in this complaint is liable for allowing a proceeding to take place in the magistrates court he sciens et prudens had no jurisdiction. Magistrate judges cannot deprive an American citizen of due process or rule in cases of which they have no jurisdiction. Magistrate Judge Jason Buczak is liable for damages for the deprivation of due process, civil rights resulting from the use of the allegedly unconstitutional procedure. Wolf vs. Mcdonnell,418 U.S. 539, 41 2.ed. 2d 935, 945 ct. 2963 (1974), wolf, supra, at 553, 41 l.ed. 2d 935, 943 s.ct. 2963. Magistrate

Case 2:13-cv-01021-MPK Document 1 Filed 07/16/13 Page 10 of 15

Judge; Jason Buczak accepted fraudulent documents while hearing a case that secundum regulam had no jurisdiction. Magistrate Judge Jason Buczak is liable for the illegal incarceration. Indemnify $2 million dollars.

13.) Westmoreland County at all times mentioned in this complaint is liable for all employees that receive paychecks from this county and/or misdeeds that come about as a result of an employee's actions. All employees mentioned above receive paychecks from Westmoreland County. Specifically named, D.A. Lee J. Ciaramitaro, Detective J. Williams, district attorneys and judges. City of Philadelphia vs. Gary, 534 PA. 467, 633, A. 2d 1090 (1993), Johnson vs. City of Philadelphia; 67 A 2d 87 (1995) as well as any violation of due process by Westmoreland County employees. Indemnify $20 million dollars.

## IV. Plaintiff Realleges

14.) Marc Palla filed a false police report stating plaintiff stole both a truck and diesel fuel. Marc Palla made a verbal agreement to pick up the truck which binded V.P. Marc Palla to pick up the truck in the state of North Carolina. Marc Palla sent a tow truck to pick up Liberty Transportation/Landmark Leasing's property three days later. The truck was no longer at that location.

15.) Marc Palla informed the plaintiff that the truck was no longer present and immediately assumed that the truck was stolen. Plaintiff immediately filed a police report on 11-6-2012 with Charlotte Mecklenburg Police Department.

16.) After police report was filed with the Charlotte Mecklenburg Police Department in North Carolina, trooper Todd A. Adamski was told by the plaintiff that a police report for a stolen vehicle was filed. Trooper Adamski without any evidence of plaintiff stealing said truck called Charlotte Mecklenburg Police Department in North Carolina and told law enforcement officials that plaintiff filed a false report

and for them to drop the complaint. Without evidence or jurisdiction, a warrant for the plaintiff's arrest was filed with the state of Pennsylvania.

17.) A warrant was signed in Pennsylvania without jurisdiction and plaintiff was arrested, 1-10-13. Plaintiff was illegally brought to Westmoreland County in Pennsylvania 2-7-13.

18.) Plaintiff hired counsel and the counsel is the person that informed plaintiff that there was no jurisdiction, but rather than challenging subject matter jurisdiction, Kevin Abramovitz, esq. forced plaintiff to sign a plea deal. Plaintiff later discovered that signing such a plea was not in fact the best option. Counsel refused to file a motion to dismiss or provide plaintiff with a refund of monies paid to him for preliminary hearing.

19.) At the magistrate hearing, counsel Abramovitz, esq. never performed at a preliminary hearing but instead agreed to a deal that was not in the plaintiff's best interest.

20.) Magistrate Judge Jason Buczak assigned a bond of $50,000 for a complaint and for charges without legal jurisdiction. Once in custody at Westmoreland County Prison, Defendant Williams from W.C.I. appeared to the plaintiff with additional charges. During this encounter, the Plaintiff requested to Detective Williams that his attorney be present, however Detective Williams ignored this request for counsel and became enraged. Using excessive force, Detective Williams threatened the plaintiff with a beating. Ten other correctional officers from Westmoreland County were called to aid Detective Williams with his questioning and while on camera, began to attack the plaintiff beating him for several minutes. No assault charges were ever filed on the plaintiff's behalf as the plaintiff's life was

threatened. Detective Williams advised that he would press charges against the plaintiff and say that the plaintiff actually attacked him instead.

21.) Plaintiff attended a hearing on 4-24-13 appearing before Judge Blahovec. The plaintiff advised the court at the hearing that once again, there was no jurisdiction. After hearing the case, plaintiff advised Judge John E. Blahovec that he was being held illegally, and be granted an immediate release, however the case was continued for another 75 days and still counting. The plaintiff was sent back to the jail and no urgency or concern for him was shown by the courts to rectify this injustice.

## V. Exhaustive Remedies

22.) Plaintiff informed legal counsel and attorney, the District Attorney, the judge, Correctional Officers, Pennsylvania State Police, and State Trooper Adamski that none of them had any jurisdiction to arrest or hold plaintiff in jail.

## VI. Summary

23.) On January 10, 2013 in Rock Hill, S.C., plaintiff Brandon P. Link was arrested and charged with Theft of a Leased Property, Theft By Deception, and Terroristic Threats by South Carolina Law Enforcement Department under the orders of Pennsylvania State Trooper Todd Adamski. Plaintiff was then transferred to a state and territory not of his own and placed in confinement against his will for 195 days and still counting. The plaintiff tried to explain to all parties mentioned in this lawsuit that plaintiff was innocent of the charges and furthermore, that the state of Pennsylvania had no legal right to arrest plaintiff for the charges. Plaintiff advised them that there was no subject matter jurisdiction and is therefore filing this lawsuit for relief.

## VII. Legal Claims

Plaintiff Re-Alleges and Incorporate by Reference

24.) All defendants violated some or all of the following reference defendant paragraphs for break down. Violations are as follows; false arrest, lack of subject matter jurisdiction, hate crimes, deprivation of civil liberties, unconstitutional procedure, 10.26 limitation liability to negligence, nonjudicial action, under color of la, 8th amendment, 14th amendment, civil rights 46, malicious prosecution, abuse of process, (1 elements).

25.) Note 82, wrongful incarceration, police misconduct, accepting fraudulent documents, differential treatment, harassment, discrimination, defective process, filing false reports, fraud on the courts 1810, fraud in inducement, false imprisonment.

## VIII. Prayer For Relief

Plaintiff is suing for actual and punitive damages. Wherefore, plaintiff respectfully prays that this court enter judgment granting plaintiff; indemnity for $59 million dollars for causation and damages, loss of time, loss of employment, pain and suffering, legal fees, illegal arrest, and violation of constitutional rights to due process.

7/12/13
Date

[signature]
Signature

I certify that all the information in this lawsuit is true and correct to the best of my knowledge. I swear on this day 12 this month 7 year 2013 etc.

Petitioner
Brandon P. Link, Pro Se
8823 Kestral Ridge Drive
Charlotte, N.C. 28269
724-219-5280

vs.

**Liberty Transportation/Landmark Leasing**
838 Croft Road Salem TWP
New Alexandria, PA 15670
Telephone: 724-668-2772

**Marc Palla-V.P. Liberty Transportation/Landmark Leasing**
838 Croft Road Salem TWP
New Alexandria, PA 15670
Telephone: 215-324-9080

339 Jackson Drive
Apollo, PA 15613

**PENNSYLVANIA STATE POLICE-TROOP A (Kiski Valley)**
**Todd . Adamski, Trooper**
4451 Route 66
Apollo, PA 15613
Telephone: 724-832-3288
Mobile: 724-727-3434

**Kevin Abramovitz, Esq.,R.H.F.A. (Rosselli, Horowitz, Fryncko & Abramovitz) Law**
50 South 7th Street
Pittsburgh, PA 15203
Telephone: 412-281-8008 or 412-481-1116
Mobile: 412-481-1088

**Pennsylvania State Police Department**
1800 Elmerton Ave.
Harrisburg, Pa 17110
Telephone: (717) 783-5599

**Westmoreland County**
2 North Main Street, Suite 101
Greensburg, PA 15601
Telephone: 724-830-3000

**Detective J. Williams, W.C.I.**
**Westmoreland County Investigator**
2 North Main Street, Basement
Greensburg, PA 15601
Telephone: 724-830-3457

**District Attorney, Leo J. Ciaramitaro**

Courthouse -District Attorney
2 North Main Street,
Greensburg, PA 15601-2405
Telephone: 724-830-3949
E-mail: lciarami@co.westmoreland.pa.us

**Mag. Judge Jason Buczak**
4451 Route 66
Apollo, PA 15613

**Westmoreland County District Attorney's Office**
Jim Lazar, Westmoreland County D.A.
2 N. Main Street
Greensburg, PA 15601